Leroy BOONE, Appellant,

v.

J. D. COX, Superintendent of the Virginia State Penitentiary, Appellee.

No. 14512.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 7, 1970.

Decided Oct. 20, 1970.

Richard G. Brydges, Virginia Beach, Va. (Court-assigned counsel), for appellant.

Overton P. Pollard, Asst. Atty. Gen. of Virginia (Andrew P. Miller, Atty. Gen., of Virginia, on the brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BRYAN and WINTER, Circuit Judges.

PER CURIAM:

In the course of Boone's trial for armed robbery and burglary the prosecution introduced into evidence a jacket and some .38-caliber shells found during a search of his automobile. Having exhausted his remedies in the state courts, Boone seeks his release by federal habeas corpus on the ground that the search was unlawful.

We find no deprivation of his rights.

The affidavit for the search warrant was deficient under the standards of Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637, in failing to set forth the basis for the officer's belief that the informant from whom he learned of Boone's involvement was reliable. However, the warrant was not necessary to validate this automobile search, made on probable cause. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419. Although the automobile was parked at the time it was found by the police officer, it was not immobilized. It could have been removed at any time. The defendant was not in custody.

Probable cause to search was present because of information furnished by one Hines, not a suspect in the robbery, who knew that Boone owned a .38-caliber pistol and had heard him admit having "hit" the burglarized establishment. Corroboration of Hines' information was furnished when his disclosures

led to the recovery of some of the stolen property. Some further corroboration was provided by the fact that Boone's appearance was consistent with the description of the gunman given by the robbery victim.

When the parked automobile was discovered, a jacket fitting the description given the police by the robbery victim was on the seat in plain view. The bullets were not in view, but the largely corroborated information which the police had obtained from Hines furnished probable cause for the search during which they were quickly discovered.

The seizure of the bullets, as well as the jacket, was not unlawful. Their admission in evidence, which, itself, added little to the prosecution's otherwise weighty case,* was not improper.

Affirmed.

Lawrence J. Molony, New Orleans, La., Paul G. Moresi, Jr., Abbeville, La., for petitioner.

Marcel Mallet-Prevost, Charles N. Steele, Asst. Gen. Counsel, N.L.R.B., Washington, D. C., Charles M. Paschal, Jr., New Orleans, La., for respondent.

Before BELL, THORNBERRY, and CLARK, Circuit Judges.

PER CURIAM:

Enforced. See Local Rule 21.[1]

---

\* The admission of the bullets, which were not connected to the unrecovered .38-caliber pistol used in the robbery, had little evidentiary value. The defendant's case, in the eyes of the jury, was probably hurt, however, when his attempt to explain his possession of the bullets was contradicted by his father.