Richard Allen **HILLEARY,** Appellant,

v.

William O. **WALLACE,** Acting Warden of the West Virginia State Penitentiary, Appellee.

No. 75–1177.

United States Court of Appeals, Fourth Circuit.

Argued June 9, 1975.

Decided July 9, 1975.

H. Lane Kneedler, Charlottesville, Va. [court-appointed counsel] and (Charles L. Howard [third-year law student] on brief), for appellant.

Betty L. Caplan, Asst. Atty. Gen. of W. Va. (Chauncey H. Browning, Jr., Atty. Gen. of W. Va., Richard E. Hardison, Deputy Atty. Gen. of W. Va., and Fredric J. George, Asst. Atty. Gen. of W. Va., on brief), for appellee.

Before RUSSELL, FIELD and WIDENER, Circuit Judges.

PER CURIAM:

The State prisoner in this habeas proceeding[1] contends that his constitutional rights were violated in the warrantless search of his automobile, and in the admission of identification testimony by one of the investigating officers in the course of his State trial, which resulted in his conviction for breaking and entering.

■ It is clear that the circumstances in the case were such as to justify a seizure of the petitioner's automobile by the police authorities; and, having validly seized it, a search of it by them. The record establishes that between two and three o'clock in the morning the lone police officer on duty at the time in the village of Charles Town, West Virginia, observed on three occasions an automobile bearing a Virginia license cruising about the block on which the Supertane Sales Corporation store was located. His suspicions were aroused by the presence and the unusual movements of an out-of-state car at this early hour about the business section of the village. He endeavored to maintain some observation of its subsequent movements and activity. For a short time he lost sight of the car until he noticed it parked in a private parking lot, maintained by a local business for its use, and situated directly behind the Supertane Sales Corporation store, and in the block about which the car had been observed cruising earlier. No driver at the moment was in the car—or observable thereabouts. Upon examination of the car he found the radiator was warm and the key in the ignition switch. The presence of the key in the ignition switch suggested that the driver was nearby[2] and might be expected to drive off in the immediate future.[3] Shortly before this, the officer had routinely checked the Supertane Sales Corporation store and found it secure. Because of the unusual and suspicious movements of the car, and its sudden appearance behind the Supertane store, he decided to examine the store again. He discovered that it had been broken into during the period since his earlier examination. He immediately called the manager of the store and with him examined the interior of the store. A place in the display area of the store where normally television sets were exhibited was found bare. In the mean-

1. 28 U.S.C. 2254.

2. If the driver was nearby, as the officer had every reason to assume, he must have observed the activities of the officer and would have had every "motivation to remove [the] evidence" of the crime which he knew was present in the trunk of his car. *See Cardwell*

*v. Lewis* (1974) 417 U.S. 583, 590, 94 S.Ct. 2464, 41 L.Ed.2d 325.

3. *Boone v. Cox* (4th Cir. 1970) 433 F.2d 343; *United States v. Bozada* (8th Cir. 1973) 473 F.2d 389, 391, *cert. denied* 411 U.S. 969, 93 S.Ct. 2161, 36 L.Ed.2d 691.

time, the officer called the owner-operator of the parking area and learned that the car had no legitimate right to be parked in the lot. With knowledge of all these facts the officer clearly had both exigent circumstances and probable cause to believe that the car was connected with the burglary of the store and that a search of it would yield evidence useful for prosecution of the crime of breaking and entering.[4] The right of the officer in this context to seize the car without a warrant was manifestly justified.[5] That the officer did not, however, search the car until a short time later after it had been removed to another location, as requested by the owner of the lot where the car was initially found parked, is unimportant.[6] And, while it could not be used as a justification for the search, it is of interest that the search was fruitful and did reveal the presence in the trunk of the car of two television sets which by their tags showed they had been taken from the burglarized store. The claim of an invalid search is accordingly without merit.

The record also sustains the identification testimony given by one of the officers, as supported by an independent source, irrespective of any claim of taint raised by the petitioner. On at least three separate occasions the officer had observed the petitioner as he cruised in the seized car about the block in which the store burglarized was located. On the three occasions he had seen the petitioner in the automobile, the officer, though about one hundred feet from the petitioner, had the benefit of street lights, which enabled him to secure a good view of the petitioner, who had rather distinctive features and attire. We think that, considering the "totality of circumstances," there was sufficient basis for a finding by the Trial Court of an independent source for the identifica-

tion testimony challenged. *Stanley v. Cox* (4th Cir. 1973) 486 F.2d 48, 55.

The judgment of the District Court dismissing the habeas petition is accordingly affirmed.

*Affirmed.*

---

4. The facts in this case are considerably stronger than those in *Cardwell v. Lewis, supra*, where the Court ruled that the facts "provided reason to believe that the car was used in the commission of the crime * * *." (417 U.S. at 592, 94 S.Ct. at 2470.)

5. *Chambers v. Maroney* (1970) 399 U.S. 42, 51, 90 S.Ct. 1975, 26 L.Ed.2d 419.

6. *Chambers v. Maroney, supra* (399 U.S. at 51, 90 S.Ct. 1975).