**UNITED STATES, Appellee,**

v.

**Dannie J. MAYTON, Specialist Four, U.S. Army, Appellant.**

**No. 30,338.**

U. S. Court of Military Appeals.

Sept. 26, 1975.

*Lieutenant Colonel James Kucera, Captain Sammy S. Knight,* and *Captain J. D. Miller* were on the pleadings for Appellant, Accused.

*Lieutenant Colonel Donald W. Hansen, Major Steven M. Werner, Captain William C. Kirk,* and *Captain Raymond Michael Ripple* were on the pleadings for Appellee, United States.

OPINION OF THE COURT

PER CURIAM:

Over defense objection, evidence was admitted on behalf of the Government which had been obtained by two game wardens of the Fish and Wildlife Section at Fort Hood, Texas, in a search of accused's vehicle. As explained by trial counsel and implied in certain remarks by the trial judge, the basis for the admission was not probable cause, as to which trial counsel said he did not "have any comment to make," but "consent to the search."

While two game wardens, Tucker and Rodgers, were on patrol, they stopped the accused, who was driving a pickup truck, by blocking the road with their own car. Rodgers approached the accused and asked him what he was doing in the area. When the accused replied that he was looking for a place to fish, Rodgers said: "I told him I'd like to conduct a weapons and game check." The accused answered either " 'Alright' " or "OK." The accused got out of the truck. Rodgers also told the passenger to get out of the vehicle, and he did so without comment. The wardens began to search the truck, with Rodgers on the pas-

senger side. Rodgers saw a brown paper shopping bag wedged behind the seat. He told Tucker, who was on the driver's side, to move the seat forward so that he could get at the bag. When the seat was moved, Rodgers took out the bag and opened it. Tucker described the contents of the paper bag as "baggies" which contained what looked like "pulled grass," but he "didn't know what it was." No identification of the matter appears in Rodgers' testimony, but as soon as he saw it, he directed Tucker to read the accused and the passenger "their rights," and he called "for assistance" from the military police. Later, analysis established that the material inside the paper bag was marihuana.

■ The right of the individual to be free from unreasonable search and seizure by Government agents can be voluntarily relinquished. Such relinquishment is termed consent. The Government has the burden of proving consent; and it does not satisfy the burden of proof that the individual acquiesced or submitted to the agents' claim of authority to search. *Bumper v. North Carolina*, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968); *United States v. French*, 10 U.S.C.M.A. 171, 182, 27 C.M.R. 245, 256 (1959). As we read the record, the Government did not meet its burden.

■ The accused was stopped by the wardens. Although he gave a reasonable and innocent explanation of his presence in the game area, the wardens told him they wanted to check for firearms and game. His reply, whether " 'Alright' " or "OK," expresses, to us, submission to the assertion of authority to accomplish the announced purpose for which he had been stopped and questioned, not a free and voluntary surrender of the right to the privacy of his possessions. *United States v. Westmore*, 14 U.S. C.M.A. 474, 34 C.M.R. 254 (1964). We conclude, therefore, that the accused did not consent to the search, and the evidence seized by the wardens was inadmissible at his trial over his objection.

The decision of the Court of Military Review is reversed, and the findings of guilty and the sentence are set aside. The record of trial is returned to the Judge Advocate General of the Army for resubmission to the convening authority. A rehearing may be ordered.

Chief Judge FLETCHER concurs in the result.