UNITED STATES, Appellee,

v.

Manuel MOTA AROS, Specialist Four,
U. S. Army, Appellant.

No. 34,175.

SPCM 12119.

United States Court of Military Appeals.

Dec. 10, 1979.

For Appellant: *Colonel Robert B. Clarke, Lieutenant Colonel John R. Thornock, Captain John E. Caulking, Captain Robert D. Jones* (on brief).

For Appellee: *Colonel Thomas H. Davis, Major Steven M. Werner, Captain Lee D. Schinasi, Captain Jack M. Hartman* (on brief); *Lieutenant Colonel John T. Sherwood, Jr.*

FLETCHER, Chief Judge:

This case [1] is before us in order to examine the propriety of the admission into evidence of the product of an allegedly unreasonable search and seizure. We hold that the fruit of this warrantless search, which was not within any recognized exception to the warrant requirement, was inadmissible in evidence against the appellant.

The salient facts are easily delineated. Appellant was charged with larceny of an

---

1. Found guilty in a special court-martial of larceny, in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921, appellant received a sentence approved by the convening authority which included a bad-conduct discharge, forfeiture of $175.00 pay per month for 5 months, confinement at hard labor for 5 months, and reduction to the lowest pay grade. This findings of guilty and the sentence were affirmed by the intermediate court.

8-track stereo player. Early in the morning of January 17, 1976, two military policemen encountered an apparently abandoned Oldsmobile on the shoulder of a road near Fort Bragg, North Carolina. In the auto's glove compartment they observed an 8-track tape player. The officers requested an investigation, then departed the scene. Upon returning later, they noticed a Toyota with a flat tire opposite the Oldsmobile. One of them, Officer T, observing a small amount of green-brown leafy substance on the passenger's seat of the Toyota, which he believed to be marihuana, was prompted to apprehend the appellant. The other, Officer H, checking the Oldsmobile, discovered the tape player was missing. Officer T searched the car for marihuana, weapons, the tape player or any other contraband. Nothing other than the green-brown leafy substance was found. Agent H requested appellant's keys and at that point opened the trunk. There Agent H found the tape player subsequently introduced into evidence.

As we examine the record of trial, there is no indication from the military judge of the theory under which the challenged tape player was admitted into evidence. Government counsel first urge us that the facts of this case sufficiently demonstrate a voluntary consent to search the trunk of appellant's automobile. Alternatively, we are encouraged to consider this a search incident to apprehension. Finally, the Government would posit this search as reasonable under an exigent circumstances rationale. We disagree. We shall deal with these assertions *seriatim.*

I

■ In order for Fourth Amendment rights to be waived by consent to search, the Government is required to demonstrate that such consent reflects an uncoerced election to grant the license to search. *Schneckloth v. Bustamonte,* 412 U.S. 218, 93

S.Ct. 2041, 36 L.Ed.2d 854 (1973); *United States v. Mayton,* 1 M.J. 171 (C.M.A.1975). Here, the military judge, relying on our decision in *United States v. Kinane,* 1 M.J. 309 (C.M.A.1976), held as a matter of law that the appellant did not consent to this search and seizure. In *United States v. Kinane, supra,* the appellant's emptying of his pockets pursuant to an official request was regarded as mere submission to lawful authority.[2] Here, the securing of the keys and opening of the trunk at Officer H's direction likewise constituted submission to lawful authority rather than consent. We consider the military judge's ruling on this matter supported by the evidence. *United States v. Vasquez,* 22 U.S.C.M.A. 492, 47 C.M.R. 793 (1973); *United States v. Alaniz,* 9 U.S.C.M.A. 533, 26 C.M.R. 313 (1958).

II

■ We turn to the Government's contention that the search of appellant's automobile trunk qualifies as a search incident to apprehension. A warrantless search in such cases has been justified constitutionally in order to prevent an assault on an arresting officer, the escape of the person arrested, or the destruction of evidence. *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1968). "There is ample justification, therefore, for a search of the arrestee's person and the area 'within his immediate control'—construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence." *Id.* at 763, 89 S.Ct. at 2040.

Our review of the legal authority cited for the proposition that a search incident to apprehension includes within its scope a locked automobile trunk reveals no case which will support the Government's assertion here.[3] Under the instant facts, four officers had the appellant outside the immobilized car under apprehension, based on the suspected marihuana offense. On the rec-

---

**2.** *Bumper v. North Carolina,* 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968); *Johnson v. United States,* 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948).

**3.** *United States v. Miles,* 449 F.2d 1272 (10th Cir. 1971); *United States v. Birdsong,* 446 F.2d

325 (5th Cir. 1971); *People v. Ehn,* 24 Ill. App.3d 340, 320 N.E.2d 536 (1974); *United States v. Kennard,* 49 C.M.R. 138 (A.F.C.M.R. 1974), *pet. denied* 23 U.S.C.M.A. 629, 49 C.M.R. 889 (1974).

ord, Agent H, by his testimony, excluded the possibility that the purpose of the trunk search was for their own protection or that of preserving evidence. Without answering the question of whether a locked trunk might, in a different factual setting, be within the scope of a search incident to an apprehension, we rule that the search [4] was unreasonable here.

### III

■ Furthermore, the search of appellant's trunk fails to qualify under the automobile exception to the warrant requirement. This doctrine, first espoused in *Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), has two preconditions not present in the case *sub judice* : exigent circumstances and probable cause to believe the vehicle contains contraband. *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).

■ Both officers admitted that they considered the vehicle immobile. Four officers were present and the vehicle could have been secured pending a warrant.[5] There is no showing that either a military judge or military magistrate was unavailable to issue a warrant.[6] Neither was there probable cause [7] to believe the vehicle contained the purloined 8-track player. That a tape player was missing from the Oldsmobile and that the appellant had been apprehended for alleged possession of marihuana do not give rise to probable cause to suspect that the tape player was contained in the trunk. This was, however, exactly Officer H's suspicion; as he stated on the record, he expected to find the tape player, not more marijuana in the locked trunk. Even absent Officer H's testimony, we agree with the proposition that a small amount of marijuana in the passenger compartment of an automobile does not logically compel the conclusion of more marihuana in the trunk compartment. There is, furthermore, no evidence of record to support probable cause to believe that the trunk of appellant's car contained the stereo tape player. Thus, the assertion of an automobile necessity search must fail.

### IV

The decision of the United States Army Court of Military Review is reversed. The findings and sentence are set aside. The Charge is dismissed.

COOK, Judge (concurring):

As to Part I of Chief Judge Fletcher's opinion, I agree that sufficient evidence supports the trial judge's determination that consent to search was not given; regarding Part II, I agree that the evidence does not indicate the search was incident to appellant's apprehension for possession of marijuana; and as to Part III, I agree the evidence is insufficient to establish probable cause to search the locked trunk. I, therefore, join in the disposition he directs.

I believe two brief additional comments are appropriate. First, I do not believe that prior authorization to search the automobile trunk was necessarily required. *See Arkansas v. Sanders*, 442 U.S. 753, 99 S.Ct. 2586, 2591, 61 L.Ed.2d 235 (1979); *Texas v. White*, 423 U.S. 67, 96 S.Ct. 304, 46 L.Ed.2d 209 (1975); *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). Further, I believe it appropriate to observe that a commanding officer and his designee are also competent to issue an authorization to search. *United States v. Ezell*, 6 M.J. 307 (C.M.A.1979).

---

4. As the Supreme Court stated in *United States v. Ortiz*, 422 U.S. 891, 896, 95 S.Ct. 2585, 2588, 45 L.Ed.2d 623 (1975), "[a] search, even of an automobile, is a substantial invasion of privacy," or as stated in *Coolidge v. New Hampshire*, 403 U.S. 443, 461–62, 91 S.Ct. 2022, 2035, 29 L.Ed.2d 564, "[t]he word 'automobile' is not a talisman in whose presence the Fourth Amendment fades away and disappears."

5. *See United States v. Mills*, 46 C.M.R. 630 (A.C.M.R.1972); *United States v. Pacheco-*

*Ruiz*, 549 F.2d 1204 (9th Cir. 1976); *Hilleary v. Wallace*, 519 F.2d 786 (4th Cir. 1975).

6. Authorized to issue warrants pursuant to paragraph 14–2, Army Regulation 27–10, effective 1 January 1976.

7. Such exists when a reasonable man would believe the object of the search is in the particular place to be searched. *Brinegar v. United States*, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1948).