UNITED STATES, Appellee,

v.

Specialist Four Lowell A. SWITZER, Jr.,
SSN 558–41–1024, United States
Army, Appellant.

CM 443127.

U.S. Army Court of Military Review.

17 Oct. 1983.

Major Robert M. Ott, JAGC, Captain Michael T. Kelly, JAGC, and Captain Frank J. DiGiammarino, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Major Patrick M. Flachs, JAGC, Captain Michael E. Pfau, JAGC, and Captain Robert C. Erickson, Jr., JAGC, were on the pleadings for appellee.

Before CLARKE, SU–BROWN and BADAMI, Appellate Military Judges.

## OPINION OF THE COURT

BADAMI, Judge:

Appellant was found guilty of nine specifications of violating Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934, involving three separate incidents of possession, sale, and transfer of marijuana. Appellant contends that the denial of his motion to suppress evidence seized in a warrantless search occurring on 29 January 1982 was improper because the search itself was illegal under the then applicable law of *Robbins v. California,* 453 U.S. 420, 101 S.Ct. 2841, 69 L.Ed.2d 744 (1981) and *United States v. Mota Aros,* 8 M.J. 121 (C.M.A. 1979). Appellant asserts that the trial judge erred by retroactively applying the Supreme Court holding in *United States v. Ross,* 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), which specifically overruled *Robbins* and allowed police to search, upon probable cause but without the necessity of a warrant, any part of an automobile, including closed containers, that might conceal contraband. We agree with the trial judge.

The trial judge correctly applied the *Ross* holding to appellant Switzer's case. The facts in *Ross* are exactly on point, leaving only the question of retroactive application. In *Ross,* the Supreme Court admitted the evidence seized in a search which was supposedly illegal at the time it occurred. Thus, the *Ross* case itself was a retroactive application of the newly clarified law. Three weeks after *Ross,* the Supreme Court held in *United States v. Johnson,* 457 U.S. 537, 102 S.Ct. 2579, 73 L.Ed.2d 202 (1982), that "a decision of this Court construing the Fourth Amendment is to be applied retroactively to all convictions that were not yet final at the time the decision was rendered." *Id.* 102 S.Ct. 2594, at 73 L.Ed.2d 222. Appellant's case had not even been tried at the trial court level when the

Court decided *Ross.* Therefore, according to the mandate of *Johnson,* the *Ross* decision must be applied retroactively to appellant's case. In light of this mandate, the trial judge did not err when he retroactively applied the *Ross* holding to overrule appellant's motion to suppress. The Second Circuit in *United States v. Burns,* 684 F.2d 1066 (1982), has applied the *Ross* doctrine in this manner.

█ Under the facts and circumstances of this case, we find the three transfer specifications to be multiplicious for findings purposes with the three specifications of sale. As the trial judge found the three specifications for each incident to be multiplicious for sentencing, and instructed the members to do the same, there is no need to reassess the sentence.

We have reviewed the other assignments of error, including those noted by appellant and those reflected by his counsel as supplemental assignments of error, and find them to be without merit.

The findings of guilty of Specifications 2, 5 and 8 of the Charge are set aside and the specifications are dismissed. The remaining findings of guilty and the sentence are affirmed.

Senior Judge CLARKE and Judge SU–BROWN concur.